**United States District Court**
**District of Massachusetts**

```
                                    )
Daniel LePorin,                     )
                                    )
          Plaintiff,                )
                                    )
          v.                        )     Civil Action No.
                                    )     22-12096-NMG
Preferred Mutual Insurance          )
Company,                            )
                                    )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Daniel LePorin ("LePorin" or "plaintiff") requests a declaratory judgment with respect to the personal liability coverage available under a specific homeowners policy issued by defendant Preferred Mutual Insurance Company ("Preferred" or "defendant"). Pending before the Court is defendant's motion for judgment on the pleadings. For the following reasons, the motion will be allowed.

## I.  **Background**

### A.  **Boating Accident and Underlying Federal Action**

According to the complaint, on August 9, 2020, LePorin was a guest at the New Hampshire home of Greg Parzych ("Parzych" or "insured"), the individual insured by Preferred. LePorin was

wakeboarding on Lake Sunapee while being towed by a boat owned by the insured and operated by Melissa Parzych, the insured's daughter.  The boat was a 2020 Mastercraft XT21, which was powered by a 373 horsepower inboard motor.  While wakeboarding, LePorin sustained severe personal injuries, including the traumatic amputation of four fingers which removed half of his right hand.

In August, 2021, LePorin filed a two-count complaint in this Court against the Parzychs alleging negligence. See Daniel LePorin v. Greg S. Parzych and Melissa Parzych, Civ. Act. No. 21-cv-11249-NMG ("the underlying federal action").

In October, 2022, the parties jointly moved to stay the underlying federal action.  According to that motion, Progressive Northern Insurance Company ("Progressive") issued a boat insurance policy that provided coverage for the incident, but two additional insurance companies, Concord General Mutual Insurance Company ("Concord") and Preferred Mutual Insurance Company, denied coverage for the incident.  The parties requested that the Court stay the underlying federal action while LePorin filed related declaratory judgment actions against Concord and Preferred to determine whether additional insurance funds were available.

This Court allowed that motion in December, 2022 when plaintiff filed the present lawsuit and LePorin v. Concord General Mutual Insurance Company, Civ. Act. No. 22-cv-11858-NMG. Preferred subsequently filed its answer and a counterclaim against LePorin.  It then moved for judgment on the pleadings in January, 2023.  LePorin answered the counterclaim and subsequently filed an opposition to the motion for judgment.

**B.   Preferred Homeowners Policy**

At the time of the accident, Preferred insured Parzych under a homeowners policy ("the policy").  Parzych assigned his rights, claims and causes of action against Preferred to plaintiff.  Section 1.c.2 of the policy listed exclusions, including

> bodily injury . . . which results from the ownership, operation, maintenance, use, occupancy . . . entrusting, supervision . . . of watercraft owned or operated by . . . [a]n insured.  However we do pay . . . [i]f coverage is provided by an incidental . . . Watercraft Coverage.

The watercraft coverage portion of the incidental liability coverages provision, Section 6.b, states that Preferred pays for

> bodily injury or the property damage which results from the maintenance, use, loading or unloading of a watercraft that is powered by outboard engines or motors which total more than 25 horsepower, if . . . [t]he engines or motors are acquired by an insured during the policy period . . . .

Preferred denied coverage for the August 9, 2020 boating accident in August, 2021 and affirmed that denial to plaintiff's counsel in June, 2022.

## II. **Motion for Judgment on the Pleadings**

### A. **Legal Standard**

Although a Rule 12(c) motion for judgment on the pleadings considers the factual allegations in both the complaint and the answer, it is governed by the same standard as a Rule 12(b)(6) motion to dismiss. See Perez-Acevedo v. Rivero-Cubano, 520 F.3d 26, 29 (1st Cir. 2008). To survive such a motion, the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). For a claim to be facially plausible, the pleadings must show "more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff cannot merely restate the defendant's potential liability. Id.

In considering the merits of such a motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182 (1st Cir. 2006). The Court may also consider documents if 1) the parties do not

dispute their authenticity, 2) they are "central to the plaintiffs' claim" or 3) they are "sufficiently referred to in the complaint." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft, 556 U.S. at 678-79.  Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

Under Massachusetts law, the interpretation of an insurance policy is a question of law. See Ruggerio Ambulance Serv. v. Nat'l Grange Mut. Ins. Co., 724 N.E.2d 295, 298 (Mass. 2000). Courts are to

> construe an insurance policy under the general rules of contract interpretation, beginning with the actual language of the polic[y], given its plain and ordinary meaning.

Easthampton Congregational Church v. Church Mut. Ins. Co., 916 F.3d 86, 91 (1st Cir. 2019) (internal citation omitted).  The policy should be "interpreted as a whole and construed so as to give a reasonable meaning to each of its provisions." JRY Corp. v. LeRoux, 464 N.E.2d 82, 87 (Mass. App. Ct. 1984) (citing McMahon v. Monarch Life Ins. Co., 186 N.E.2d 827, 830 (Mass. 1962)).

Although ambiguities in the meaning of an exclusionary provision are construed strictly against the insurer, <u>Boazova</u> v. <u>Safety Ins. Co.</u>, 968 N.E.2d 385, 390 (Mass. 2012),

> provisions [that] are plainly and definitely expressed in appropriate language must be enforced in accordance with [the policy's] terms.

<u>High Voltage Eng'g Corp.</u> v. <u>Fed. Ins. Co.</u>, 981 F.2d 596, 600 (1st Cir. 1992) (internal citation omitted).

**B.   Application**

Defendant asserts that judgment on the pleadings is warranted because the 2020 Mastercraft XT21 boat is excluded from coverage under its homeowners policy.  Plaintiff contends, to the contrary, that Sections 1.c.2 and 6.b both provide coverage for the August 9, 2020 accident.

**1.   Section 1.c.2**

First, plaintiff asserts that Section 1.c.2 is ambiguous in that it does not qualify the specific "Watercraft Coverage" that applies to Preferred's statement that it does pay "if coverage is provided by an Incidental Motorized Vehicle or Watercraft Coverage."  LePorin suggests that because Progressive Insurance acknowledges coverage under a Boat and Personal Watercraft Policy for the accident, the Preferred policy should also be found to provide coverage under Section 1.c.2.

Preferred rejoins that such an argument is "grasping at straws" and Parzych's purchase of a watercraft policy from Progressive Insurance supports the notion that he recognized the need to obtain independent insurance for his new boat.

The Court agrees.  Reading the insurance policy as a whole, there is a specific provision on "Incidental Liability Coverages" for "Motorized Vehicle" and "Watercraft," which is identical to wording used in Section 1.c.2. See Performance Trans., Inc. v. Gen. Star Indem. Co., 983 F.3d 20, 26 (1st Cir. 2020) (explaining that Massachusetts courts are "[to] read the text of an insurance policy as a whole and give meaning to each provision in context").

A court is to construe policy provisions so as to "give a reasonable meaning" to the entire insurance policy. See JRY Corp., 464 N.E.2d at 87.  This Court understands the "Incidental Motorized Vehicle or Watercraft Coverage" in Section 1.c.2 to refer to the "Incidental Liability Coverages" discussed in Section 6 of the Preferred policy.  Any "Watercraft" coverage afforded by the Preferred policy is "incidental" to the "principal" coverage in that homeowners policy.  In contrast, the Progressive Boat and Personal Watercraft Policy is not "incidental" coverage because it is exclusively a boat insurance policy.

Thus, Section 1.c.2 does not provide coverage for the August 9, 2020 accident.

### 2.   Section 6.b

Next, LePorin submits that Section 6.b of the Incidental Liability Coverages section can be read to cover inboard motors, such as the one that powers Parzych's 2020 Mastercraft XT21. Plaintiff focuses on the language which states that Preferred covers

> outboard engines or motors which total more than 25 horsepower, if . . . [t]he engines or motors are acquired by an "insured" during the policy period.

LePorin suggests that because the word "motor" is not modified by "outboard" in the quoted language above, the policy language could be read to apply to inboard motors.

Each party argues that its proffered canon of construction requires its desired result. New Hampshire Lottery Comm'n v. Rosen, 986 F.3d 38, 55 (1st Cir. 2021).  Plaintiff relies upon the "last antecedent rule," which provides that

> a limiting clause or phrase . . . should ordinarily be read as modifying only the noun or phrase that it immediately follows.

Id. (quoting Lockhart v. United States, 577 U.S. 347, 351 (2016)).  LePorin thus contends that "outboard" modifies "engines" but not "motors."

- 8 -

The last antecedent rule does not, however, apply here because it typically describes a situation in which a modifying word or phrase <u>follows</u> a preceding word or phrase.  Furthermore, the rule is "not an absolute and can assuredly be overcome by other indicia of meaning." <u>Id.</u> (quoting <u>Paroline</u> v. <u>United States</u>, 572 U.S. 434, 447 (2014)).

Alternatively, defendant proffers the "series-qualifier canon" to support its interpretation of Section 6.b.  That canon presumes

> that when there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.

Series-Qualifier Canon, Black's Law Dictionary (11th ed. 2019).  Thus, the prepositive word "outboard" applies to the entire parallel construction "engines or motors."

The Court agrees and adopts the latter construction because it gives reasonable meaning to the watercraft provision. <u>See</u> <u>JRY Corp.</u>, 464 N.E.2d at 87.  Defendant offers an extreme example in its pleadings in which an insured purchases a 1,000 horsepower cigarette boat with an inboard engine during the policy period.  Under plaintiff's proposed construction, the homeowners policy would cover that boat for the remainder of the policy period without the payment of any additional premium or the disclosure of the purchase of that boat.  Such an outcome would be entirely

unreasonable. <u>See</u> <u>USM Corp.</u> v. <u>Arthur D. Little Sys., Inc.</u>, 546 N.E.2d 888, 893 (Mass. App. Ct. 1989) ("The object of the court is to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose.").

**ORDER**

For the foregoing reasons, defendant Preferred Mutual Insurance Company's motion for judgment on the pleadings (Docket No. 7) is **ALLOWED.**

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated:  June 9, 2023

- 10 -